**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

JEFFREY I. BARKE; ED SACHS;
LAURA FERGUSON; JIM REARDON;
LEIGHTON M. ANDERSON; PHILLIP
YARBROUGH; RODGER DOHM,
        *Plaintiffs-Appellants*,

    v.

ERIC BANKS; ERICH SHINERS;
ARTHUR A. KRANTZ; LOU PAULSON,
in their official capacities as
members of the California Public
Employment Relations Board
(PERB); J. FELIX DE LA TORRE, in
his official capacity as General
Counsel of PERB,
        *Defendants-Appellees*,

CALIFORNIA TEACHERS
ASSOCIATION; SEIU CALIFORNIA
STATE COUNCIL; CALIFORNIA
FEDERATION OF TEACHERS;
CALIFORNIA SCHOOL EMPLOYEES
ASSOCIATION; CALIFORNIA LABOR
FEDERATION,
   *Intervenor-Defendants-Appellees*.

No. 20-56075

D.C. No.
8:20-cv-00358-
JLS-ADS

OPINION

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted October 21, 2021
Pasadena, California

Filed February 7, 2022

Before:  Consuelo M. Callahan, John B. Owens, and
Danielle J. Forrest, Circuit Judges.

Per Curiam Opinion

---

## SUMMARY[*]

### Civil Rights

The panel affirmed the district court's dismissal without leave to amend of a complaint brought by a group of elected local government officials asserting a pre-enforcement challenge to California Government Code section 3550, and remanded for the limited purpose of amending the judgment to reflect that the dismissal is without prejudice.

California Government Code section 3550 states in part that "[a] public employer shall not deter or discourage public employees . . . from becoming or remaining members of an employee organization."  The district court dismissed the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

case, in part, on the ground that Plaintiffs lacked standing because section 3550 applies only to "public employer[s]," not to Plaintiffs individually. Despite this statutory limitation, Plaintiffs alleged that their speech has been chilled because they fear the State of California Public Employment Relations Board ("PERB") will erroneously attribute the statements Plaintiffs wish to make in their individual capacities to Plaintiffs' public employers, thereby causing their employers to be sanctioned and damaging Plaintiffs' reputations as a result.

The panel determined that section 3550 does not regulate Plaintiffs' individual speech, and any restrictions the statute does impose on Plaintiffs' ability to speak on behalf of their employers did not injure Plaintiffs' constitutionally protected individual interests. The panel held that Plaintiffs had not shown that they had a well-founded fear that PERB would impute statements made by Plaintiffs in their individual capacities to Plaintiffs' public employers, particularly in light of concessions made by PERB in this litigation. The panel concluded that Plaintiffs had failed to demonstrate that they have suffered an injury in fact sufficient to establish their standing to pursue their pre-enforcement challenge.

The panel held that Plaintiffs failed to show that the district court erred in determining that any amendment to their complaint would be futile, and therefore, the district court did not abuse its discretion by denying Plaintiffs leave to amend. Finally, the panel noted that dismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction is powerless to reach the merits. The panel remanded the case to the district court to enter judgment dismissing the case without prejudice.

**COUNSEL**

David A. Schwarz (argued), Jay T. Ramsey, and Alexandra Michele Jackson, Sheppard Mullin Richter & Hampton LLP, Los Angeles, California; Michael Rosman, Center for Individual Rights, Washington, D.C.; Mark W. Bucher, Law Office of Mark W. Bucher, Tustin, California; for Plaintiffs-Appellants.

Joseph W. Eckhart (argued), J. Felix De La Torre, Jeremy G. Zeitlin, and Daniel S. Crossen, State of California Public Employment Relations Board, Sacramento, California, for Defendants-Appellees.

Matthew J. Murray (argued), Scott A. Kronland, and Danielle E. Leonard, Altshuler Berzon LLP, San Francisco, California, for Intervenor-Defendants-Appellees.

**OPINION**

PER CURIAM:

Plaintiffs, a group of elected local government officials, seek to assert a pre-enforcement First Amendment challenge to California Government Code section 3550, which states in part that "[a] public employer shall not deter or discourage public employees . . . from becoming or remaining members of an employee organization." Cal. Gov't Code § 3550. The district court dismissed the case on the ground that Plaintiffs lacked standing because section 3550 applies only to "public employer[s]," not to Plaintiffs individually. Despite this statutory limitation, Plaintiffs allege that their speech has been chilled because they fear the State of California Public Employment Relations Board ("PERB") will erroneously

attribute the statements Plaintiffs wish to make in their individual capacities to Plaintiffs' public employers, thereby causing their employers to be sanctioned and damaging Plaintiffs' reputations as a result. But Plaintiffs have not shown that they have a well-founded fear that PERB will impute these statements to Plaintiffs' public employers, particularly in light of concessions made by PERB in this litigation, and therefore we affirm. However, because the district court lacked jurisdiction over the case, it erred by dismissing the complaint with prejudice. We thus remand for the limited purpose of amending the judgment to reflect that the dismissal of this matter is without prejudice.

I

PERB is a California agency responsible for administering and enforcing a range of statutes governing collective bargaining in California's public-sector workforce. Cal. Gov't Code §§ 3541.3, 3541.5, 3509(a); *City of San Jose v. Operating Eng'rs Loc. Union No. 3*, 232 P.3d 701, 725–26 (Cal. 2010).[1] One of the statutes within PERB's purview is Government Code section 3550, which states:

> A public employer shall not deter or discourage public employees or applicants to be public employees from becoming or remaining members of an employee organization, or from authorizing representation by an employee organization,

---

[1] Named defendants Eric Banks, Erich Shiners, Arthur A. Krantz, and Lou Paulson are PERB members who were sued in their official capacities. The remaining named defendant, J. Felix De La Torre, is PERB's general counsel and was also sued in his official capacity. Collectively, these defendants are referred to as "PERB."

> or from authorizing dues or fee deductions to
> an employee organization. This is declaratory
> of existing law.

Cal. Gov't Code § 3550.  The statute was originally enacted in 2017, but according to PERB, the current version is the product of a 2018 amendment which was "part of a broader legislative package designed to address the impact of *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018)."  In *Janus*, the Supreme Court held that the First Amendment barred "States and public-sector unions" from "extract[ing] agency fees from nonconsenting employees."  138 S. Ct. at 2486. The 2018 amendment added the language prohibiting a public employer from deterring or discouraging public employees "from authorizing dues or fee deductions to an employee organization," presumably to minimize the financial impact of the *Janus* decision on public-sector unions.

Plaintiffs identify themselves as "elected members of local California government bodies, including city councils, school boards, and community college and special purpose districts."[2]  Plaintiffs state that they "are charged with representing their constituencies with respect to . . . labor-

---

[2] Jeffrey Barke is on the Board of Directors of the Rossmoor Community Services District.  Ed Sachs is an elected member of the Mission Viejo City Council.  Laura Ferguson is a member of the San Clemente City Council.  Until 2020, Jim Reardon was an elected member of the Board of Trustees of the Capistrano Unified School District. Leighton Anderson is an elected member of the Whittier Union High School District Board of Trustees.  Phillip Yarbrough is the president of the Rancho Santiago Community College District Board of Trustees. Rodger Dohm is an elected member of the Ramona Unified School District Board of Education.

management issues." Plaintiffs assert that they have "occasion to speak on these topics during public hearings, townhall meetings with constituents, and in the course of reelection campaigns or candidate endorsements." They add that "[i]t is not unusual for Plaintiffs to engage directly in labor-management discussions, to comment publicly on bargaining proposals, or to take positions on the terms of a proposed [collective bargaining agreement]."

Plaintiffs allege that after the enactment of section 3550 they "have refrained from speaking about issues relating to public unions, even remaining silent as to issues bearing on the governing board's interactions with the employees' labor representative and even not responding to constituent or employee questions relating to *Janus*."[3] While PERB has not taken any enforcement action against them or their employers, Plaintiffs fear that if they speak out in this manner they will "face the threat of unfair labor charges against their agencies." Plaintiffs claim that by speaking candidly on these matters, "they would risk injury to (i) their personal reputations . . . ; (ii) their ability to serve as effective elected officials . . . ; and (iii) . . . their ability to get re-elected."

Plaintiffs filed this lawsuit against PERB alleging that section 3550 violates the First Amendment because the statute prohibits speech based on its content, and because the

---

[3] As one specific example, Plaintiff Jim Reardon submitted a declaration recalling that in his 2012 campaign for election he stated, "Now more than ever, our school board must focus on education and not union contracts that protect senior staff," and that "I am able to see past the heated rhetoric of education insiders to protect our students and schools." Reardon claims he would not make such a statement now on the ground that it would result in a section 3550 charge against his public employer.

statute is unconstitutionally vague and overbroad. The district court permitted five public-sector unions to intervene as defendants (the "Union Defendants").[4] PERB, joined by the Union Defendants, moved to dismiss on the ground that the district court lacked subject matter jurisdiction over the case because Plaintiffs lacked standing to bring a pre-enforcement challenge and their claims were not ripe for adjudication.

The district court granted the motion to dismiss on both grounds. With respect to standing, the district court emphasized that section 3550 could only be enforced against public employers, not Plaintiffs individually. Rejecting Plaintiffs' argument that the statute created a line-drawing problem because it was impossible to know in advance whether their speech would be attributed to their public employers, the court held that Plaintiffs had "presented *no* concrete plan to violate Section 3550, let alone one in which it would not be clear whether a Plaintiff was speaking in their official or individual capacity." For the same reason, the court found Plaintiffs had failed to show that there was a reasonable likelihood the government would enforce the law against them in the future. Alternatively, the district court held that Plaintiffs' claim was not ripe for review. The court explained that the challenge was not constitutionally or prudentially ripe for largely the same reasons that Plaintiffs lacked standing, plus the fact that Plaintiffs had not identified any hardship that would result if they could not

---

[4] The Union Defendants are the California Teachers Association, SEIU California State Council, the California Federation of Teachers, the California School Employees Association, and the California Labor Federation.

obtain pre-enforcement review of the statute. Plaintiffs appealed.

## II

We review district court's dismissal for lack of standing de novo. *Desert Water Agency v. U.S. Dep't of the Interior*, 849 F.3d 1250, 1253 (9th Cir. 2017). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). "[W]here a plaintiff has refrained from engaging in expressive activity for fear of prosecution under the challenged statute, such self-censorship is a constitutionally sufficient injury as long as it is based on an actual and well-founded fear that the challenged statute will be enforced." *Libertarian Party of L.A. Cnty. v. Bowen*, 709 F.3d 867, 870 (9th Cir. 2013) (alteration in original) (quoting *Hum. Life of Wash. Inc. v. Brumsickle*, 624 F.3d 990, 1001 (9th Cir. 2010)).

We consider three factors in determining whether a plaintiff faces a credible threat of enforcement, and thus has suffered an "actual injury to a legally protected interest." *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1174 (9th Cir. 2018). Those factors are: "1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Id.* at 1172 (quoting *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)).

Plaintiffs allege that they are refraining from speaking about issues related to public-sector unions out of fear that

their speech will lead to their public employers being charged with violations of section 3550. They argue that this self-censorship constitutes an injury in fact. Even if the statute would likely not be directly enforced against Plaintiffs in their individual capacities, they claim to have a well-founded fear that sanctions entered against their employers based on Plaintiffs' speech would nevertheless cause Plaintiffs to suffer: (1) reputational harm; (2) harm to their abilities to serve as effective elected officials; and (3) harm to their abilities to get reelected.

Although intangible reputational harms can be sufficiently concrete to create Article III standing, *TransUnion LLC*, 141 S. Ct. at 2204, in the pre-enforcement context Plaintiffs must still show that the statute applies to them and is likely to be enforced in a way that causes the feared harm, *Italian Colors Rest.*, 878 F.3d at 1171–72. Plaintiffs have failed to meet that burden here.

Our prior decision in *Leonard v. Clark* is instructive. 12 F.3d 885 (9th Cir. 1993), *as amended* (Mar. 8, 1994). *Leonard* involved a collective bargaining agreement that restricted a union's ability to "specifically endorse[] or sponsor[]" legislation that would benefit the union's members. 12 F.3d at 886. Certain members of the union sued, arguing that this provision violated their individual First Amendment rights. *Id.* at 886–87. We held that the plaintiffs lacked standing, noting that the bargaining agreement provision "by its plain language applies only to the Union and not to its individual members." *Id.* at 888. We noted that "[t]he individual plaintiffs have not shown that [the bargaining agreement] in any way inhibits their freedom to speak as *individuals*." *Id.* Therefore, we reasoned, "the only chill implicating the First Amendment here is on the speech of these agents when they act under

authority from their principal, the Union," and only the union had standing to assert its free speech rights. *Id.* at 889.

The same principles apply here. Like the collective bargaining agreement in *Leonard*, section 3550 does not regulate speech made by Plaintiffs in their individual capacities; the statute only impacts them to the extent their speech can be attributed to their "public employer[s]." Cal. Gov't Code § 3550. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes," and therefore restrictions on such speech do not implicate the employees' individual constitutional rights. *Garcetti v. Ceballos*, 547 U.S. 410, 421–22 (2006). Thus, section 3550 does not regulate Plaintiffs' individual speech, and any restrictions the statute does impose on Plaintiffs' ability to speak on behalf of their employers do not injure Plaintiffs' constitutionally protected individual interests. *See id.*

Plaintiffs respond to *Leonard* in two ways. First, they assert that PERB will erroneously attribute statements Plaintiffs make in their individual capacities—such as campaign statements, statements made during debates, and statements to constituents—to their public employers, resulting in allegations of section 3550 violations. But neither the record nor the authorities cited by Plaintiffs demonstrate that there is a "credible threat" of section 3550 being enforced in this manner. *Italian Colors Rest.*, 878 F.3d at 1171. To the contrary, PERB concedes that much of the speech Plaintiffs allege they want to engage in constitutes individual speech to which section 3550 does not apply. For example, in its briefing to the district court, PERB stated that "[p]rivate speech by an individual—including campaign speech—cannot reasonably be viewed as the speech of a public employer under section 3550." In its appellate brief,

PERB emphasized that "[s]ection 3550 does not apply to all speech by public officials in their official capacities, only that of public employers and their agents." And at argument, PERB's counsel stated that it generally would not be reasonable to view debate by elected officials on "various policy positions" as attributable to the government itself. Nor would it be reasonable, in PERB's view, to attribute statements made by an individual board member during a meeting to the board as a whole, at least where the meeting is attended by multiple board members and there are no other indicia that the individual board member purports to speak on the board's behalf.[5] *See United Tchrs. L.A. v. All. Marc & Eva Stern Math & Sci. High Sch.*, 46 PERC ¶ 82, PERB Decision No. 2795, 2021 WL 5450674 (Nov. 3, 2021) (noting that "an elected official's political speech, answer to a constituent question, or other communication where such speech does not manifest employer authority" cannot be imputed to the official's public employer). Further, the administrative decisions and caselaw cited by Plaintiffs do not establish that there is a credible threat PERB will apply section 3550 in a manner inconsistent with these concessions. Thus, Plaintiffs have not established that they have standing to bring their pre-enforcement challenge to the statute.

Second, even if *Leonard* applies, Plaintiffs ask us to clarify that *Leonard* stands for the proposition that an agent's speech can only be attributed to the agent's principal if the

---

[5] The Union Defendants take a similar position, stating that "[s]ection 3550 does not prohibit Plaintiffs from expressing their own personal policy preferences during legislative or electoral debates or in meetings with constituents. Reasonable observers understand the difference between an official expressing personal policy views and an official speaking for or threatening to take action on behalf of the government."

agent both has actual authority to make the statement and expressly claims to be speaking on behalf of the principal. *See Leonard*, 12 F.3d at 889.  Plaintiffs assert that applying this test would alleviate their concerns with section 3550 because they would have more control over when their speech would be imputed to their employers.

We do not read *Leonard* as creating such a standard. *Leonard* stated that the collective bargaining agreement restricted the plaintiffs from speaking "when they act under authority from their principal," and cited several sections from the Restatement (Second) of Agency setting forth examples of how this authority could be created.  *Leonard*, 12 F.3d at 889.   Those sections do not support the proposition that agents need to have—and explicitly claim to have—actual authority from their principal before acting on the principal's behalf.  For example, the Restatement (Second) discusses the concept of apparent authority, which is created when the principal's conduct, "reasonably interpreted, causes [a] third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him."  Restatement (Second) of Agency § 27 (Am. L. Inst. 1958); *Leonard*, 12 F.3d at 889. We have more recently held that speech can be imputed to the government under a similar standard, not only where the principal has conferred actual authority to make a statement to an agent and the agent explicitly claims to have this authority.  *See Eagle Point Educ. Ass'n/SOBC/OEA v. Jackson Cnty. Sch. Dist. No. 9*, 880 F.3d 1097, 1103 (9th Cir. 2018) (stating the focus of the inquiry is "whether a reasonable observer would view the statement made . . . to be a statement by the government").  Thus, our subsequent caselaw establishes that there is no ironclad requirement that an agent have actual authority to make a statement, and

claim to have such authority, before the statement can be imputed to the agent's principal.[6]

For these reasons, we hold that Plaintiffs have failed to demonstrate that they have suffered an injury in fact sufficient to establish their standing to pursue their pre-enforcement challenge.[7]

## III

Plaintiffs also argue that the district court should have granted them leave to amend the complaint, and that any dismissal should have been without prejudice. We review the district court's rulings on these issues for abuse of discretion. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015).

The district court did not abuse its discretion by denying Plaintiffs leave to amend. While "[i]t is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint," that presumption can be

---

[6] Plaintiffs acknowledge that the government speech doctrine generally allows the state to regulate employees' speech when they act in their official capacities, but they argue that elected officials are exempt from this doctrine. While restrictions on the speech of elected officials may present different concerns than restrictions on the speech of line employees, those concerns are generally centered on whether the challenged law infringes upon the officials' "core political speech." *See, e.g.*, *City of El Cenizo v. Texas*, 890 F.3d 164, 184–85 (5th Cir. 2018). Given PERB's concession that Plaintiffs' political speech is individual speech not subject to section 3550, we decline—in this pre-enforcement context—to address whether the government speech doctrine is categorically inapplicable to elected officials.

[7] Because we affirm the district court's holding that Plaintiffs lack standing, we decline to address its alternative ruling that Plaintiffs' claims are not ripe for judicial review.

overcome where there has been "a clear showing that amendment would be futile." *Id.* at 1041. The district court gave Plaintiffs an opportunity to state what additional details they would add to their complaint if given the opportunity and Plaintiffs did not do so, instead arguing that their existing allegations were sufficient. Nor have Plaintiffs identified on appeal what additional allegations they would add that would demonstrate they face a credible threat that PERB will attribute their protected individual speech to their public employers. Plaintiffs have thus failed to show that the district court erred in determining that any amendment would be futile.

However, dismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction "is powerless to reach the merits." *Fleck & Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1106–07 (9th Cir. 2006). Both PERB and the Union Defendants concede that the district court erred by dismissing the case with prejudice. We agree, and thus remand the case to the district court to enter judgment dismissing the case without prejudice.

IV

For the reasons set forth above, the district court's decision to dismiss Plaintiffs' complaint without leave to amend is **AFFIRMED**. The case is **REMANDED** for the district court to enter judgment dismissing the case without prejudice. Each party is to bear its own costs.